IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| AMERICAN HOUSING FOUNDATION, INC., | ) | Case No. 09-20232-RLJ-11 |
| | ) | |
| Debtor. | ) | |

\* \* \*

| | | |
|---|---|---|
| ROBERT TEMPLETON, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| v. | ) | Adversary No. 10-02016-RLJ |
| | ) | |
| WALTER O'CHESKEY, as Trustee of the AHF Liquidating Trust, | ) | |
| | ) | |
| Appellee/Cross-Appellant. | ) | Civil Action No. 2:13-CV-151-C |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ROBERT L. JONES, BANKRUPTCY JUDGE, PRESIDING

## OPINION

Came on for consideration the appeal and cross-appeal from the judgment of the bankruptcy court entered on April 15, 2013.

## I. BACKGROUND

### A. Facts

In a lengthy opinion, the bankruptcy court made extensive findings of fact and conclusions of law. After a thorough review of the record, the Court is of the opinion that the

bankruptcy court's findings of fact are supported by the evidence adduced at trial and are not clearly erroneous. Therefore, the Court adopts and hereby incorporates into this opinion the bankruptcy court's findings of facts.

## B. *Procedural History*

Certain alleged creditors of the debtor, American Housing Foundation ("AHF"), filed an involuntary petition against AHF pursuant to chapter 11 of the Bankruptcy Code. Thereafter, AHF filed a voluntary petition for bankruptcy. The bankruptcy court consolidated the voluntary and the involuntary cases into a single case.

Robert L. Templeton ("Templeton") filed a proof of claim (amended on several occasions), and the Trustee later filed a complaint against Templeton. Templeton sought the recovery of approximately $4.7 million (from five separate investments), and the Trustee objected to Templeton's claim. Templeton answered the Trustee's Complaint, asserting affirmative defenses, counterclaims, and requests for declaratory judgment.

The bankruptcy court, following a 25-non-consecutive-day trial, entered its Findings of Fact and Conclusions of Law in an Order signed March 30, 2013. The bankruptcy court's order granted mandatory subordination of Templeton's claims under 11 U.S.C. § 510(b) by determining that the funds at issue were to be treated as equity investments rather than loans. Further, the bankruptcy court granted the Trustee's claim for avoidance and recovery of preferential transfers in the 90-day period prior to the filing of the bankruptcy in the amount of approximately $157,000.00. However, the bankruptcy court's order also determined that Templeton was a good-faith transferee under § 548(c), thereby denying the Trustee's claim for

2

avoidance and recovery of fraudulent transfers.  Both parties timely appealed the respective

adverse rulings.

## II.  STANDARD

"A bankruptcy court's findings of fact are subject to review for clear error, and its

conclusions of law are reviewed *de novo*." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009).

This Court will only reverse fact findings for clear error if it is left with the definite and firm

conviction, in light of the entire record, that a mistake has been made. *Id.*

## III.  DISCUSSION

### A.  The Bankruptcy Court Did Not Err in Recharacterizing Guaranty Claims As Investments

The bankruptcy court recharacterized and subordinated Templeton's claims by

determining that they should be treated as equity investments rather than loans.  Templeton

contends that the bankruptcy court erred because (1) the findings of fact do not support

recharacterization, (2) the limited partnerships in which he provided the funds were not affiliates

of AHF, and (3) his claims do not arise out of the purchase of equity but from loan guaranties.

However, the bankruptcy court relied upon ample evidence to support its fact findings

relating to recharacterization.  Further, the bankruptcy court properly found, based on the

evidence before it at trial, that the limited partnerships were affiliates of AHF.  Finally, on the

issue of recharactizing the claims, the bankruptcy court properly relied upon the evidence and

substance of the transactions in finding that the claims arose from the purchase of equity.

Templeton argues that each transaction (more specifically, the guaranties) should be considered

in isolation and that the bankruptcy court erred in analyzing the transactions as a whole by

3

looking at substance over form. The Court finds no error in the bankruptcy court's *in toto* analysis.

This Court will not disturb those findings or the recharacterization of the claims because Templeton has not met his burden by showing any error, much less clear error, of factual findings upon which the conclusion rests. Moreover, the bankruptcy court's legal analysis relying upon substance over form and considering all the steps of the transactions as a whole is without error. Finally, the bankruptcy court properly considered the relevant factors in arriving at its conclusion. *See Fin Hay Realty Co. v. United States*, 398 F.2d 694, 696-97 (3d Cir. 1968).

The bankruptcy court also correctly subordinated all of Templeton's claims. Templeton contends that the limited partnerships were not affiliates of the debtor. Yet, as argued by the Trustee, Templeton did not object to or appeal the order confirming the plan, which incorporated as affiliates all the limited partnerships at issue in Templeton's arguments. Additionally, those entities in which the debtor was a general partner (GOZ No. 1, Walden II, and M2M2) are all affiliates for the reasons argued by the Trustee. Lastly, the bankruptcy court properly looked to the substance of the transactions in determining that the remaining partnerships (Gray Ranch and M2M3) were also affiliates because of the close, interrelated nature and entanglement of the debtor and all the partnerships at issue.[1]

It is well established that "'courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.'" *Pepper v. Litton*, 308 U.S. 295, 304 (1939)

---

[1]The Court notes the argument by the Trustee that the bankruptcy court could and would have reached the same result through the Trustee's causes of action for mandatory subordination and avoidance of fraudulent obligations. Because the Court finds that the bankruptcy court did not err in arriving at its conclusion to subordinate Templeton's claims, the alternative arguments need not be considered.

(quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 240 (1934)) (internal quotation marks omitted). "[I]n the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankruptcy estate." *Id.* at 307-08. Thus, the bankruptcy court did not err in recharacterizing Templeton's guaranty claims as equity investments and subordinating those claims. *In re Lothian Oil, Inc.*, 650 F.3d 539, 542-43 (5th Cir. 2011).

**B. The Bankruptcy Court Did Not Err in Granting Trustee's Claim of Preferential Transfer**

The bankruptcy court determined that transfers totaling approximately $157,000.00 received by Templeton within 90 days of the bankruptcy should be recovered by the Trustee. Templeton argues that the bankruptcy court erred because AHF did not have an interest in the funds and the payments were made in the ordinary course of business. On the first ground for error, Templeton relies on arguments based upon the fact that the funds came from the AHF-D account and not specifically from the debtor. Yet, as contended by the Trustee, the findings of the bankruptcy court regarding AHF's interest in those funds were not clearly erroneous. Regardless of the stance now taken by Templeton in contradiction to an apparent prior stance that AHF-D was a fictional alter ego and indistinguishable from AHF, there is no error in the bankruptcy court's finding that AHF-D conducted no business operations, provided no goods or services, and was nothing more than a pass-through conduit bank account.

As to Templeton's proffered second ground for error on this point, the Trustee argues that the fraud of Steve Sterquell[2] and payments made in furtherance of said fraud cannot be in the ordinary course of business. The Trustee also contends that the funds in the AHF-D account

---

[2]Steve Sterquell was the president and founder of AHF.

5

were commingled with the other fraud victims' funds and it was Templeton's burden to trace the

funds he now claims to show them as distinct and separate from the other funds commingled in

the account.

Upon close review of the bankruptcy court's findings of fact related to the preferential

transfers and the conclusions arising therefrom, the Court finds no error in the bankruptcy court's

findings and conclusions in granting the Trustee's preferential transfer claims.

### C. The Bankruptcy Court Did Not Err in Finding That Templeton Acted in Good Faith

The Trustee sought recovery of transfers to Templeton as fraudulent transfers executed by

the debtor prior to filing the bankruptcy petition. The Trustee cross-appeals the bankruptcy

court's determination that Templeton's defense under § 548(c) was valid because Templeton was

a good-faith transferee.

The Bankruptcy Code establishes an affirmative defense to a finding of a fraudulent

obligation. Section 548(c) provides, in short, that an obligee of a fraudulent obligation "that

takes for value and in good faith . . . may enforce any obligation incurred . . . to the extent that

such [] obligee gave value to the debtor in exchange for such [] obligation." 11 U.S.C. § 548(c).

The good faith defense is conjunctive: (1) the defendant must have given value to the debtor and

(2) the defendant must have given such value in good faith. *In re Hannover Corp.*, 310 F.3d

796, 800 (5th Cir. 2002). The defendant bears the burden of proof on both components. *Id.* at

799. A bankruptcy court's finding of value is a factual determination subject to a "clearly

erroneous" standard of review. *In re TransTexas Gas Corp.*, 597 F.3d 298, 306 (5th Cir. 2010);

*see also In re Hannover Corp.*, 310 F.3d 796, 801 (noting that bankruptcy courts must be

afforded "considerable latitude" in making determinations of value). The value received by the

6

debtor must be measured at the time the obligation was incurred. *See Hannover*, 310 F.3d at 802.

The bankruptcy court evaluated each component and concluded that Templeton met his burden on both, thus allowing him the good-faith defense. The bankruptcy court's findings are comprehensive, cogent, and entitled to the respect due them under the clear-error standard. In assessing the issue, the bankruptcy court considered the totality of the circumstances surrounding the Templeton transactions. It looked at a voluminous body of evidence, documents related to a number of financial transactions, and witness testimony pertaining to these transactions. The bankruptcy court determined that, based on the evidence, Templeton gave value to the debtor in each of his investments and the investments well exceeded the transfers. This finding is not clearly erroneous and is aptly supported by the record.

The bankruptcy court also found that Templeton proved the second element of the affirmative defense, that he acted in good faith. In so doing, the bankruptcy court determined that regardless of any complicity by Templeton with Sterquell concerning illegitimate tax deals, no other creditors were defrauded by Templeton's complicity. As argued by Templeton, the bankruptcy court, in reaching its determination, apparently found that a legitimate business motivation existed at the time Templeton entered into the transactions by giving value in good faith with each of his investments.

A bankruptcy court's determination regarding good faith cannot be overturned absent a showing of "clear factual error or controlling legal precedent." *Hannover*, 310 F.3d at 800. The Bankruptcy Code does not define good faith, and "the unpredictable circumstances in which the courts may find its presence or absence render any definition of good faith inadequate, if not

unwise." *Id.* at 801 (internal quotations omitted). Although the term "good faith" is not susceptible to precise definition, the general principles that guide the good-faith analysis are fairly well settled. *See In re Bayou Group, LLC*, 439 B.R. 284, 309-10 (S.D.N.Y. 2010). Courts use an objective standard to measure good faith, examining what the defendant should have known instead of what he actually knew in relation to the fraudulent transaction. *See, e.g.*, *Warfield v. Byron*, 436 F.3d 551, 559-60 (5th Cir. 2006) (citing *In re Sherman*, 67 F.3d 1348, 1355 (8th Cir. 1995) ("To determine whether a transferee acts in good faith, courts look to what the transferee objectively knew or should have known instead of examining the transferee's actual knowledge from a subjective standpoint.") (internal quotations omitted)). The primary question under this standard is "whether the [obligee] had information that put it on inquiry notice that the [obligor] was insolvent or that the [transaction] might be made with a fraudulent purpose." *Bayou Group*, 439 B.R. at 310; *see Hannover*, 310 F.3d at 800. Courts also ask whether "'the transaction carries the earmarks of an arms-length bargain.'" *In re Sherman*, 67 F.3d at 1355 (quoting *In re Robbins*, 91 B.R. 879, 886 (Bankr. W.D. Mo. 1988)).

The bankruptcy court did not make an erroneous application of the facts to the law. *See In re Bennett Funding Group, Inc.*, 232 B.R. 565, 573 (Bankr. N.D.N.Y 1999) ("In the context of a transfer that is avoided as constructively fraudulent, courts have held that the transferee acts in good faith only where it has an honest belief in the propriety of the activities in question, no intent to take unconscionable advantage of others, no actual intent to defraud others, and no knowledge that the transaction would operate to defraud others."). As already stated, the bankruptcy court found specifically that any complicity by Templeton did not defraud other creditors. In the absence of clear factual error or controlling legal precedent to the contrary, the

8

Court declines to overturn the bankruptcy court's finding that Templeton entered into the transactions in good faith. *Hannover*, 310 F.3d at 800.

## IV. CONCLUSION

The Court has reviewed the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. The Court is of the opinion that the bankruptcy court did not commit reversible error with regard to the issues Templeton or the Trustee raised on appeal. Therefore, the judgment of the bankruptcy court is **AFFIRMED**.

Dated April __11__, 2014.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

9